UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MARVISE D. RENNALLS,

                    Plaintiff,

v.                                              **ORDER**

VILLAGE OF OSSINING, et al.,              25-CV-01587(PMH)

                    Defendants.
-----------------------------------------------------------X

PHILIP M. HALPERN, United States District Judge:

      A Discovery Dispute Conference was held on October 2, 2025, concerning the issues raised in multiple discovery dispute letters (the "Conference"). (Docs. 20, 22, 25). Plaintiff, proceeding *pro se*, and counsel for Defendants appeared at the Conference.

      For the reasons set forth on the record, the Court ruled as follows:

      (1) The Court denied Plaintiff's request to compel the production of documents associated with Request Nos. 11 and 12. Specifically, Defendants' counsel represented that they previously produced all documents responsive to these requests that were in their possession;

      (2) The Court granted Plaintiff's request to compel the production of the document associated with Request No. 14. Specifically, the Court directed Defendants to produce, by **October 10, 2025**, the "Copy of the letter sent to the Village of Ossining [Stuart Kahan] from the Ossining PBA Attorney, J.M. Grant SUBJECT: Non-negotiated Mandated Assessments and Civil Service Law 72 Policy/procedures," purportedly dated October 18, 2019;

      (3) The Court granted, in part, Plaintiff's request to compel the production of documents associated with Request Nos. 16 and 17. Specifically, the Court directed the following:

           a) Request No. 16: Defendants are directed, by **October 10, 2025**, to produce, to the extent it exists, a "[l]ist of all Ossining police officers mandated to a fitness for duty evaluation

based on 'sick time usage,'" from the period of 2019 through the present. If no such list exists, Defendants shall provide the names and badge numbers of any Ossining Police Officers that match the description above within the same time period; and

    b) Request No. 17: Defendants are directed, by **October 10, 2025**, to produce, to the extent it exists, a "[l]ist of all Ossining Police Officers w[ith] firearms [that] were confiscated based on 'sick time usage,'" from the period of 2019 through the present. If no such list exists, Defendants shall provide the names and badge numbers of any Ossining Police Officers that match the description above within the same time period; and

(4) The Court denied Plaintiff's request for expenses under Rule 37(a)(5) of the Federal Rules of Civil Procedure.

Dated: White Plains, New York  
       October 2, 2025

SO ORDERED:

_____  
Philip M. Halpern  
United States District Judge

2