UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARVISE D. RENNALLS,

                            Plaintiff,

-against-

VILLAGE OF OSSINING, et al.,

                            Defendants.

**AMENDED ORDER**

25-CV-01587 (PMH)

---

PHILIP M. HALPERN, United States District Judge:

      Plaintiff has filed a Motion for Appointment of Pro Bono Counsel. (Doc. 41). For the following reasons, Plaintiff's application is granted.

### **RENNALLS' APPLICATION FOR *PRO BONO* COUNSEL**

      The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to seek *pro bono* representation for a civil litigant. *Id.* Even if a court does believe that a litigant should have a free lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301–310 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore request the services of *pro bono* counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit Court of Appeals set forth the factors a court should consider in deciding whether to grant a litigant's request for *pro bono* counsel. 802 F.2d at 61-62. Of course, the litigant must first demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed *in forma pauperis*. The court must then consider whether the litigant's claim "seems likely to be of substance" – "a requirement that must be taken seriously." *Id.* at 60–61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

While Plaintiff has not applied for *in forma pauperis* status, Plaintiff has represented that she has no discretionary income to pay retainers or hourly fees, and currently only receives a fixed monthly pension and Social Security Disability benefits to cover essential living expenses. (Doc. 41 at 2). Additionally, Plaintiff represented at the discovery dispute conference that she is unable to afford an attorney, despite her continued search for representation. Accordingly, for the purposes of Plaintiff's application, the Court finds that Plaintiff is presumed, and therefore qualifies as, indigent.

Based on Plaintiff's representations at the discovery dispute conference and initial pretrial conference, allegations made within her Complaint, including the EEOC Determination (Doc. 1 at

14), and considering the special solicitude afforded *pro se* litigants, the Court finds that Plaintiff's allegations of discrimination, at this early stage, may "likely [] be of substance." *Hodge*, 802 F.2d 61-62. The Court finds that the other *Hodge* factors also weigh in favor of granting Plaintiff's application. Plaintiff has demonstrated a need for counsel to assist with discovery and depositions in this matter concerning the alleged discrimination. (*See generally*, Doc. 1; Doc. 41 at 2). Further, should the Court permit summary judgment motion practice, and/or if this matter proceeds to trial, in this case, representation would "lead to a quicker and more just result by sharpening the issues and shaping examination." *Hodge*, 802 F.2d at 61.

Given the early stage of the proceedings, the Court alternatively requests that counsel appear for the limited purpose of conducting discovery. In addition, *pro bono* counsel may engage in settlement discussions.

In the event that *pro bono* counsel appears for the limited purpose identified herein, *pro bono* counsel will not be obligated for any aspect of Plaintiff's representation beyond the matters so described. In particular, *pro bono* counsel will not be required to respond to a dispositive motion. In the event that the defendant(s) file(s) a dispositive motion, *pro bono* counsel may seek appropriate relief, including an extension of Plaintiff's time to respond, or an expansion of *pro bono* counsel's role to include responding to the motion. Absent an expansion of the scope of *pro bono* counsel's representation, *pro bono* counsel's representation of Plaintiff will end upon completion of discovery.

Upon the filing by *pro bono* counsel of a Notice of Completion, the representation by *pro bono* counsel of Plaintiff in this matter will terminate, and *pro bono* counsel will have no further obligations or responsibilities to Plaintiff or to the Court in this matter.

Under the Court's Standing Order regarding the Creation and Administration of the *Pro Bono* Fund (16-MC-0078), *pro bono* counsel may apply to the Court for reimbursement of certain out-of-pocket expenses spent in furtherance of Plaintiff's case. The *Pro Bono* Fund is especially intended for attorneys for whom *pro bono* service is a financial hardship. *See* https://nysd.uscourts.gov/forms/pro-bono-fund-order.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Appointment of Pro Bono Counsel is GRANTED.

The Court advises Plaintiff that the process for securing *pro bono* representation can be lengthy. The Court circulates pending cases to the bar at regular intervals, after which an attorney must review the case and obtain necessary clearances before contacting Plaintiff to discuss representation. For all these reasons, some time may pass before a litigant is contacted by an attorney. The Court requests that Plaintiff respond promptly to any outreach by a volunteer lawyer seeking to discuss possible *pro bono* representation. As the Court relies on volunteers, there is no guarantee that a volunteer attorney will decide to take the case or that, should the services of the volunteer be declined, the court will locate another. In either instance, Plaintiff should be prepared to proceed with the case *pro se*.

The Clerk of Court is respectfully directed to terminate the motion sequence pending at Doc. 41 and mail a copy of this order to Plaintiff.

SO-ORDERED:

Dated: White Plains, New York
       October 20, 2025

_____
Philip M. Halpern
United States District Judge